UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER H., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Docket No. 2:18-cv-00355-NT |

**ORDER ON PLAINTIFF'S MOTION FOR AWARD OF § 406(b) FEES**

Before me is the Plaintiff's motion for an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $20,000.00. Pl.'s Mot. for Award of § 406(b) Fees ("**Pl.'s Mot.**") (ECF No. 25). That award amounts to slightly less than 25% of the past-due benefits of $95,477.70 that Plaintiff's counsel obtained for the Plaintiff in this case. Pl.'s Mot. 1. Under his Contingent Fee Agreement for Representation Before the Court (ECF No. 25-4), the Plaintiff agreed to pay 25% of the total amount of any past-due benefits awarded.

The Commissioner has filed a response, arguing that granting such an award for 16.8 hours of legal work results in a *de facto* hourly rate of $1,190.48. Def.'s Resp. to Mot. for Award of 406(b) Fees ("**Def.'s Resp.**") 4 (ECF No. 27). The Commissioner proposes that the Court should instead apply an hourly rate of $600.00, resulting in a reduced award of $10,080.00. Def.'s Resp. 5.

Section 406(b) of the Social Security Act provides that when a court renders a favorable judgment to a represented claimant, "the court may determine and allow

as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Contingency fee agreements are "the default" arrangement and the "*primary* means by which fees are set for successfully representing Social Security benefits claimants in court." *Siraco v. Astrue*, 806 F. Supp. 2d 272, 274, 280 (D. Me. 2011) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). A court reviewing a § 406(b) request for reasonableness starts with the contingency fee arrangement, and the burden is on the Commissioner, as "the person attacking the resulting fee amount[,] to show that part of it is unearned." *Id.* at 277, 280. But where the attorney is successful in reversing the denial of benefits, there are no signs of delay or inadequate representation, and "[t]here is no suggestion that this was obviously an inordinately easy case from the outset and that the success was not due to the law firm's efforts," that is "the end of the matter." *Id.* at 277.

Here, the fee request conforms with the Plaintiff's contingent fee agreement and does not exceed the 25% statutory limit. The Plaintiff's attorney's work in this Court prompted a motion for remand, and the Commissioner has provided nothing to suggest that the Plaintiff's subsequent success was not due to the efforts of his attorney. Nor is there any suggestion of inadequate representation, delay, or an inordinately easy case.[1] That ends the matter. Because the attorneys' fee award is

---

1   The Commissioner does take issue with the size of the requested award given that the matter was remanded on the Commissioner's motion following the Plaintiff's filing of his statement of errors. But this Court has awarded similar awards before. *See Chartier v. Comm'r of Soc. Sec.*, No. 2:15-cv-00115-JAW, Order Awarding Attorney Fees (ECF No. 19) (D. Me. Aug. 15, 2016) (awarding $18,733 in § 406(b) fees after granting Commissioner's unopposed remand motion); *Miller v. Saul*, No. 1:16-cv-00482-GZS, Order on Mot. for Award of Fees (ECF No. 27) (D. Me. Oct. 7, 2019) (awarding $26,000 in § 406(b) fees after granting Commissioner's unopposed remand motion); *Shannon D. v. Kijakazi*, No.

reasonable under the circumstances, the Plaintiff's motion is **GRANTED**. Upon receipt of payment, counsel shall refund to the Plaintiff the earlier award of $3,250.00 in Equal Access to Justice Act fees.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 14th day of December, 2022.

---

1:20-cv-00395-NT, Order on Mot. for Award of Fees (ECF No. 28) (D. Me. Feb. 7, 2022) (awarding $18,000 in § 406(b) fees after granting consent motion to remand).